FILED
MAY 04 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Delontee Smothers, )
)
    Plaintiff, )
)
v. ) Civil Action No.: 10 0693
)
Daniel Quillin, )
)
    Defendant. )

## MEMORANDUM OPINION

Plaintiff Delontee Smothers filed, in the United States District Court for the District of New Jersey, an application to proceed without prepayment of fees and a pro se complaint. That court granted the application and transferred the case to this district. The complaint will be dismissed because it is barred by collateral estoppel.

Smothers is a prisoner serving a sentence imposed by the Superior Court of the District of Columbia, after Smothers pled guilty. He was represented in his criminal proceedings by Daniel Quillen, who is identified as a public defender and named as the defendant in this case. Smothers alleges that Quillen provided him ineffective assistance of counsel and that his guilty plea was not an informed one, Complaint at 5, and seeks as relief $1.8 million in damages, *id.* at 4.

In 2007, Smothers filed a motion to withdraw his guilty plea on the ground that Quillen "was ineffective in that he made promises to the defendant regarding his decision to plead guilty." *See id.*, Exhibit (Order of Superior Court of the District of Columbia, July 12, 2007) at 2. The Superior Court treated the motion as a request to withdraw his guilty plea under Superior Court Criminal Rule 32(e), and determined that "the record conclusively shows that

[Smothers] knowingly, intelligently, and voluntarily accepted the plea bargain." *Id.* at 2. Finding that the record belied Smothers's claims that he was not informed of the consequences of his plea, *id.* at 2, 3, the Superior Court denied Smother's motion to withdraw his guilty plea.

The Superior Court's determination that Quillen's performance was not constitutionally deficient as it relates to Smothers' guilty plea operates to bar Smothers's attempt to relitigate that same issue here.

> The legal standards for ineffective assistance of counsel in the [criminal] proceedings . . . and for legal malpractice in those same proceedings are equivalent. *See McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980); *Bigelow v. Knight*, 737 F.Supp. 669, 671 (D.D.C. 1990). In either instance, the proponent must establish both that the performance was deficient and that the deficient performance was the proximate cause of injury to the counsel's client. *Niosi v. Aiello*, 69 A.2d 57, 60 (D.C. 1949); *Bigelow v. Knight*, 737 F.Supp. at 671. Where the issue of defense counsel's performance has been litigated and decided, the plaintiff is estopped from relitigating the same performance issues in another forum. *See McCord v. Bailey*, 636 F.2d at 609-10 (collateral estoppel bars a legal malpractice claim in a civil suit after a court in a criminal appeal has determined that counsel did not give ineffective assistance); *Bigelow v. Knight*, 737 F.Supp. at 671 (citing *McCord v. Bailey* and applying collateral estoppel after decision in a criminal appeal made under D.C. Code § 23-110).

*Hinton v. Rudasill*, 624 F. Supp. 2d 48, 52 (D.D.C. 2009). The July 12, 2007 Order of the Superior Court of the District of Columbia that is appended to the complaint forecloses this complaint for malpractice damages. Because Smothers's malpractice claims are collaterally estopped, his complaint fails to state a claim upon which relief may be granted and will be dismissed on the Court's authority under 28 U.S.C. § 1915A(b)(1).[1]

A separate order accompanies this memorandum opinion.

Date: April 26, 2010

United States District Judge

---

[1] This decision constitutes a "strike" for purposes of 28 U.S.C. 1915(g).

2